# C. M. BUCK v. F. E. LATHAM.[1]

May 6, 1910.

Nos. 16,482—(47).

**Counterclaim Did not State a Cause of Action.**

Action by plaintiff as indorsee of a promissory note to recover the amount due thereon, $180.65. Answer admitted the allegations of the complaint and alleged as a counterclaim that plaintiff purchased the note and brought the action for the malicious purpose of oppressing the defendant, subjecting him to costs of suit, forcing him to dispose of his property at a sacrifice, and injuring his financial standing, whereby he sustained damages in the sum of $10,000. *Held*, that the counterclaim did not state a cause of action against the plaintiff.

Action in the district court for Wright county to recover $180.65, amount alleged to be due upon a promissory note. The facts are stated in the opinion. The case was tried before Giddings, J., who granted plaintiff's motion to exclude all evidence relating to the counterclaim referred to in the opinion, and directed a verdict in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Henry Spindler* and *J. T. Alley*, for appellant.

The harshness of the doctrine of the old cases has been modified, so that modern decisions recognize a cause of action to exist where the act complained of is not done in the interest of the actor, but solely for the purpose of injuring another; in other words men are not now permitted to wantonly and needlessly injure their neighbors to gratify spite, to maliciously injure and destroy. The progress of the law is illustrated by the "air and light" cases. The malicious shutting out of light is now held actionable, while formerly it was not. Burke v. Smith, 69 Mich. 380; Flaherty v. Moran, 81 Mich. 52; Kirkwood v. Finegan, 95 Mich. 543; Peek v. Roe, 110 Mich. 52. These cases hold that a man cannot use his property so as to mali-

[1] Reported in 126 N. W. 278.

ciously and wantonly injure his neighbor. Plaintiff, in buying the note in question, exercised a privilege; but this privilege must be used like his property—with due regard for the rights of others.

The wanton wasting and diversion of watercourses and percolating waters, gives rise to a cause of action. Stillwater Water Co. v. Farmer, 89 Minn. 58 and 92 Minn. 230; Barclay v. Abraham, 121 Iowa, 619. These decisions are .put squarely on the ground that while a man may use his own property to further his own interests, he cannot use it for the sole and malicious purpose of wantonly gratifying his spite by damaging his neighbor thereby.

Similar considerations prevail in cases of unfair competition between persons legitimately engaged in the same line of business. Only through just restraint can liberty be had. Transportation Co. v. Standard Oil Co., (50 W. Va. 611) 56 L.R.A. 804; 1 Cyc. 650, 651, note 28; State v. Central (S. Dak.) 123 N. W. 504.

The rule applicable to this case is well stated in the note to Passaic v. Ely & Walker, (105 Fed. 163) 62 L.R.A. 673; Bohn Mnfg. Co. v. Hollis, 54 Minn. 223.

*J. J. Woolley, Woolley & Johnson,* and *Hall & Kolliner,* for respondent.

START, C. J.

Action by the plaintiff, as indorsee of a negotiable promissory note, to recover the amount due thereon, $180.65. The answer admitted the execution of the note and the amount due thereon as alleged in the complaint, and as a counterclaim alleged the facts following: The note, after it became due, was by mutual agreement of the parties thereto allowed to run as a note payable on demand. The plaintiff, for the sole purpose of harassing and oppressing the defendant, and subjecting him to expenses of a suit, and forcing him to dispose of his property at a sacrifice to raise the money to pay the note at once, and also for the purpose of injuring his financial standing, and not for the purpose of serving any interest of his own, did long after the note was due maliciously purchase it, paying therefor the full amount due thereon, and bring this action thereon, and did wrongfully and maliciously inform many of the friends and ac-

quaintances of this defendant that he had so done, whereby many of them were led to believe and did believe that the defendant was insolvent, and that he was wrongfully and unlawfully refusing to pay the plaintiff an indebtedness justly due him, to defendant's damage in the sum of $10,000.

On the trial of the cause in the district court of the county of Wright the court excluded evidence offered by defendant to prove his alleged counterclaim, on the ground that the answer did not allege facts constituting a cause of action or counterclaim against the plaintiff. Judgment was entered for the plaintiff for the amount due on the note, from which the defendant appealed.

The sole question presented by the record for our decision is whether the counterclaim states facts constituting a cause of action in favor of the defendant against the plaintiff. It is apparent upon the face of the counterclaim that the plaintiff had a perfect legal right to do that which he is charged with doing, which was simply this: He bought a past-due negotiable promissory note, paying full value therefor, and brought this action against the defendant to recover the amount due on the note, which the defendant might have paid at any time and avoided the suit. He admits that he had no defense to the note, and that the plaintiff was entitled to the amount claimed. The plaintiff is charged with doing no other act. It is not alleged that the plaintiff has in any manner interfered with or sacrificed the defendant's property, or impaired his financial credit. On the contrary the sole basis for the recovery from the plaintiff of damages in the sum of $10,000 is that his unexecuted purpose in doing the lawful acts that he did do was malicious.

The briefs of the respective parties ably discuss the question as to when, if ever, a malicious motive will convert into an actionable tort an act which otherwise would be both legal and proper. We do not discuss the question, for manifestly upon both principle and authority it must be held that the pleading here under consideration does not allege facts constituting a cause of action against the plaintiff, for it shows that he exercised a legal right in a lawful way, with no invasion of the defendant's personal or property rights. Counsel for defendant cites the case of Tuttle v. Buck, 107 Minn.

145, 119 N. W. 946, 22 L.R.A.(N.S.) 599, in support of his contention that the counterclaim states a cause of action. The case is not in point, for the complaint in that case alleged, not only the malicious purpose, but also its execution, whereby the plaintiff's business was in fact materially injured.

Judgment affirmed.